UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES L. BRISKER, IV, AW6554,

Petitioner,

v.

PATWLN HORN, Warden,[1]

Respondent.

Case No. 25-cv-11111-CRB  (PR)

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

(ECF No. 6)

Petitioner, a state prisoner currently incarcerated at Kern Valley State Prison (KVSP) in Delano, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a sentence from San Mateo County Superior Court.  Petitioner also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

**BACKGROUND**

On May 26, 2023, petitioner was sentenced to a total of 27 years and four months in prison after a jury convicted him of five felony offenses related to his robbery of three elderly victims at gunpoint.  Petitioner appealed arguing that the superior court committed sentencing errors.

On October 9, 2024, the California Court of Appeal found no sentencing error and affirmed the judgment of the superior court, and on December 31, 2024, the California Supreme Court denied review.[2]

On December 15, 2025, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254.

---

[1] The court substitutes in as the proper respondent in this case Patwln Horn, warden of Kern Valley State Prison, where petitioner currently is incarcerated.

[2] Petitioner checked a box in his form petition indicating that he did not seek further review in a higher court after the California Court of Appeal affirmed the judgment of the superior court on October 9, 2024, but the court takes judicial notice that petitioner did seek review in the California Supreme Court and that the state high court denied review on December 31, 2024.  See People v. Brisker, No. S287929, slip op. at 1 (Cal. Dec. 31, 2024) (order denying review).

United States District Court
Northern District of California

United States District Court
Northern District of California

**DISCUSSION**

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.  The petition accordingly may be dismissed if it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

B.    Claims

Petitioner seeks federal habeas corpus relief under § 2254 on the basis of two claims of sentencing error: (1) the superior court failed to understand and properly apply California Penal Code section 1170, subdivision (b)(6), in deciding not to impose the low term, and (2) the superior court failed to give appropriate weight to mitigating evidence under California Penal Code section 1385, subdivision (c)(2), in declining to strike the firearm enhancements and failing to adequately explain its reasoning for doing so.  The claims are without merit on federal habeas.

It is well established that federal habeas courts must defer to state courts' interpretation of state sentencing laws.  See Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993).  "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."  Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).  Here, the court takes judicial notice that the California Court of Appeal rejected petitioner's sentencing error claims on the grounds that the superior court did not misunderstand or misapply California sentencing laws and was within its discretion in sentencing petitioner as it did.  See People v. Brisker, No. A167974, slip op. at 6-12 (Cal. Ct. App. Oct. 9, 2024).  This court is bound by the California Court of Appeal's interpretation of California sentencing laws and must defer to its determination that the superior court did not misunderstand or misapply California sentencing laws.  See Bueno, 988 F.2d at 88.   But even if the superior court had misunderstood or misapplied

California sentencing laws, there is no indication of fundamental unfairness stemming therefrom sufficient to justify federal habeas relief.  See Christian, 41 F.3d at 469.  Petitioner's sentencing error claims simply do not amount to a constitutional claim justifying federal habeas relief. Accord Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether assault with deadly weapon qualifies as "serious felony" under state sentence enhancement provisions is question of state sentencing law and does not state constitutional claim); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (failure to abide by state sentencing requirement that trial court state reasons for sentencing consecutively does not rise to level of federal habeas due process claim).

### CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED.  And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

But based solely on petitioner's affidavit of poverty, his application for leave to proceed IFP (ECF No. 6) is GRANTED.

**IT IS SO ORDERED**.

Dated:    April 16, 2026

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

3